UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.  1:23-cr-10005-DJC |
| | ) | |
| | ) | |
| XIAOLEI WU | ) | |

**DEFENDANT XIAOLEI WU'S MOTION TO PERMIT SELF-SURRENDER**

The defendant, Xiaolei Wu, respectfully moves this Honorable Court

pursuant to 18 U.S.C. § 3141(b)[1] to allow him to self-surrender to the Bureau of

Prisons in the event the Court imposes a carceral sentence. The grounds for this

motion are as follows:

1.  Mr. Wu was arrested in this case on December 14, 2022. After his initial

    court appearance, he was released on conditions which included curfew and

    location monitoring via a GPS-equipped ankle bracelet. *See* ECF no. 13.

2.  Due to his perfect record of compliance, in April 2023 Mr. Wu successfully

    moved to modify his conditions of release to remove both the curfew and GPS-

    monitoring. *See* ECF nos. 23, 25.

3.  Mr. Wu went to trial in January, 2024 and was convicted on January 25 of

    one count of cyberstalking and one count of interstate transmission of a

    threatening communication.

---

[1] 18 U.S.C. § 3141(b) provides that a court may order a release "pending imposition or execution of sentence." *See also* 18 U.S.C. § 3146(a)(2) (providing for punishment for failure to self-surrender as ordered).

4. After Mr. Wu was found guilty at trial, the Government requested immediate detention. *Id*. The Court allowed him to remain on release pending sentencing, finding "no reason to detain the defendant now as a risk of flight given the evidence of compliance" with conditions of pretrial release. *See* ECF no. 90.

5. The standard for determining whether Mr. Wu should be permitted to self-surrender is the same as that used to determine whether a defendant should be released pending sentencing. *See* 18 U.S.C. § 3143(a)(1). In ordering Mr. Wu released pending sentencing, this Court has already made a finding that Mr. Wu meets this standard.

6. Mr. Wu makes this request chiefly because he wants to take maximum advantage of any rehabilitative programs offered by the BOP. If he is remanded at sentencing, he will be placed into BOP custody while he undergoes a security classification and designation process to determine the prison at which he will serve his sentence. During this time, he will be temporarily placed in a BOP facility that will not be the one he will ultimately go to. While in such a temporary placement, it is extremely unlikely that he would be able to take advantage of any programs that the BOP offers. However, if he is allowed to self-surrender, he will be reporting to the facility that the BOP has already determined is an appropriate placement for him, and he will then be in a position to immediately start taking advantage of rehabilitative, educational, and vocational programming

2

7. Mr. Wu also asks that he be allowed to self-surrender so that he can get his affairs in order, including placing his personal belongings in storage and terminating his apartment lease. Mr. Wu has no family in Boston who would be able to complete these tasks while he is incarcerated.

8. Mr. Wu understands that, if he is allowed to self-surrender, he will be responsible for transporting himself at his own expense to whatever facility BOP assigns him to and that he will have to report as directed.

Respectfully Submitted,
**Xiaolei Wu**
By his attorneys,

/s/ Michael Tumposky
Michael Tumposky
(BBO No. 660618)
Hannah Taylor
(BBO No. 710056)
Hedges & Tumposky, LLP
88 Broad St., Suite 101
Boston, MA 02110
617-722-8220

## CERTIFICATE OF SERVICE

I, Michael Tumposky, hereby certify that, on April 23, 2024, I served a true copy of the above document on all counsel of record through the electronic case filing system.

/s/ Michael Tumposky
Michael Tumposky
