UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 1:23-CR-10005-DJC |
| | ) | |
| XIAOLEI WU | ) | |

## DEFENDANT XIAOLEI WU'S MOTION TO MODIFY CONDITIONS OF RELEASE TO TEMPORARILY RETURN PASSPORT

Mr. Xiaolei Wu, defendant in the above-captioned matter, respectfully moves this Court to modify his conditions of release to temporarily return his passport to him for a period of approximately 24 hours. As discussed more fully below, an attorney from Hedges & Tumposky would retrieve the passport and maintain custody of it at all times except when Mr. Wu is at the Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) office, during which time Mr. Wu will be accompanied and personally observed by counsel.

As grounds, at the sentencing hearing on April 24, 2024, Mr. Wu moved for an order of judicial removal. The Government did not object. The Court ordered Mr. Wu to provide a proposed order, which the Court would attach to the judgment. Under 8 U.S.C. § 1228(c)(1), a U.S. District Court has jurisdiction to enter a judicial order of removal at sentencing "if such an order has been requested by the United States Attorney with the concurrence of the Commissioner of Immigration and Naturalization."[1] The parties have prepared a joint motion for order of judicial

---

[1] Mr. Wu intends to waive his right to notice and a hearing and any additional procedural requirements that may be called for under 8 U.S.C. § 1228(c)(2).

removal, as well as a proposed order. However, although the Government has been working to request the requisite concurrence, it was unable to reach the relevant office within ICE until very recently.

Today, counsel for ICE informed the Government that, as a prerequisite to the Commissioner's concurrence, the ERO must interview Mr. Wu to determine alienage and removability. This requires Mr. Wu to report to their office in Burlington, Massachusetts. Once that is complete, ICE must issue Mr. Wu an alien registration number.[2] Assuming he is found to be removable, the Commissioner will then be in a position to concur with the request for order of judicial removal. The U.S. Attorney's Office anticipates that this process could take approximately one week.

The Government has also been informed that Mr. Wu needs to present a valid passport or other "travel document" for the ERO to determine alienage and removability. Mr. Wu's only document that fits this requirement is his passport. Counsel for Mr. Wu has contacted the Burlington ERO to ask whether Mr. Wu may "walk in" to their office or whether he first needs to make an appointment, and is waiting to receive a response. If this motion is allowed, counsel for Mr. Wu will update this Court and U.S. Probation when he learns at what date and time Mr. Wu

---

[2] A noncitizen, such as Mr. Wu, who enters the United States on a temporary, non-immigrant student visa, generally is not issued an A-number in connection with that visa. Instead, such individual would receive a Student Exchange Visitor Information System (SEVIS) identification number. *See* U.S. Citizenship & Immigr. Servs., *Glossary*, https://www.uscis.gov/tools/glossary (last visited Apr. 25, 2024). *See also* M. Hu, *The Ironic Privacy Act*, 96 Wash. U. L. Rev. 1267, 1273-1274 () (citing Privacy Act; Alien File (A-File) and Central Index System (CIS) Systems of Records, 72 Fed. Reg. 1,755, 1,756 (Jan. 16, 2007)) ("Alien registration numbers and related A-Files are created for immigrants and certain categories of non-immigrants who are granted employment authorization[,] … [such as] student visa holders with optional practical training").

will report to the Burlington ERO office for the requisite interview. On the date of the interview, an attorney from Hedges & Tumposky would retrieve Mr. Wu's passport from U.S. Probation, accompany Mr. Wu to the ERO office – only releasing the passport into Mr. Wu's custody during the period when they are in the ERO office – and counsel would then return the passport the same afternoon or, at the latest, the following morning depending on the time of the interview. At all times that Mr. Wu is in possession of his passport, he would be personally accompanied and observed by counsel.

Counsel has discussed this motion with Probation, who has indicated they do not oppose the temporary modification so long as Mr. Wu adheres to the parameters outlined above for custody of the passport. The Government opposes the passport going outside the custody of Probation or law enforcement and would request that it be released to a member of law enforcement who would accompany Mr. Wu to the ERO interview.

Respectfully Submitted,
Xiaolei Wu
By his attorneys,

/s/ Michael Tumposky
Michael Tumposky
(BBO No. 660618)
Hannah Taylor
(BBO No. 710056)
Hedges & Tumposky, LLP
88 Broad St., Suite 101
Boston, MA 02110
617-722-8220

**CERTIFICATE OF SERVICE**

     I, Michael Tumposky, hereby certify that, on April 25, 2024, I served a true copy of the above document on all counsel of record through the electronic case filing system.

                                               /s/ Michael Tumposky
                                               Michael Tumposky