IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>XIAOLEI WU, )<br><br>Defendant. ) | Criminal No. 23-cr-10005-DJC |

## DEFENDANT'S STATEMENT IN SUPPORT OF
## JUDICIAL ORDER OF REMOVAL

Xiaolei Wu, defendant in the captioned criminal proceeding, hereby states as follows:

1.      My true and correct name is Xiaolei Wu.

2.      I received from the United States a Notice of Intent to Request Judicial Order of Removal ("Notice"). I am the person identified in that document and I waive my right, pursuant to Section 238[(d)](c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228[(d)](c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3.      I received from the United States the Application for, and Factual Allegations in Support of, Judicial Order of Removal. I waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the Factual Allegations in Support of Judicial Order of Removal ("Allegations") served 30 days prior to sentencing.

4.      My rights in a judicial removal proceeding have been fully explained to me by my attorney Michael Tumposky.  After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238[(d)](c)(2) of the INA, 8 U.S.C. § 1228[(d)](c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge any order

1

of removal. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.      I admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.      I concede that I am subject to subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(1)(C)(i), (INA § 237(a)(1)(C)(i)) in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, I failed to maintain or comply with the conditions of the nonimmigrant status under which I was admitted..

7.      I waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. § 1182(h) and (i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8.      I agree to the entry of a stipulated judicial order of removal pursuant to Section 238[(d)](c)(5) of the INA, 8 U.S.C. § 1228[(d)](c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution the country of my nativity and

citizenship. I further acknowledge that I have not been tortured in and have no present fear of torture in the country of my nativity and citizenship.

9.       I consent to the introduction of this statement as an exhibit to be filed in connection with these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10.       I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11.       I concede that the entry of a judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12.       I will accept a written order issued by this Court for my removal from the United States to the People's Republic of China, and I waive any and all rights to challenge any provision of this statement in any U.S. or foreign court or tribunal.

~~This statement has been read to me in Mandarin, the language I understand best,~~ and I have carefully discussed every part of it with my attorney. I understand every term of this statement, and I voluntarily agree to those terms.

_____Xiaolei Wu_____        _____5 / 1 / 24_____
XIAOLEI WU                           Date
Defendant


I, Michael Tumposky, am Xiaolei Wu's attorney. I have carefully discussed this statement with my client. To the best of my knowledge, my client's decision to make this statement is an informed and voluntary one.

_____        _____5/1/24_____
MICHAEL TUMPOSKY                     Date
Attorney for Defendant

4