IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 23-cr-10005-DJC |
| XIAOLEI WU, | ) ) | |
| Defendant. | ) ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF RELEASE TO TEMPORARILY RETURN PASSPORT**

The United States hereby opposes Defendant Xiaolei Wu's motion to modify conditions of release in order to have his passport returned, which the Defendant filed on May 2, 2024. The Defendant stated as grounds for the motion that he needs his passport in order to renew his driver's license. The Defendant further stated that he "requires his Driver's License because he will need an ID to present to the BOP when he reports on June 7, and likely he will specifically need his driver's license so he can transport himself there." Both of Defendant's stated reasons for needing a driver's license do not bear scrutiny.

First, the Defendant does not need a valid driver's license in order to surrender. Based on conversations between the government and the Bureau of Prisons (BOP), the government understands that a Defendant does not need a driver's license to surrender. BOP will identify the reporting individual based on whatever they happen to have in their possession, and ask will questions based on what's in the individual's court records as necessary. For example, if an individual does not have a valid identification, BOP can verify the defendant's identity through fingerprints, through questions of them based on their PSR, and through other court records. In addition, BOP stated that the Defendant may bring his expired drivers license when he

surrenders. As a result, the Defendant's does not need a renewed driver's license in order to surrender.

Second, the Defendant also states that he will "likely need his driver's license so he can transport himself" to BOP custody. Contrary to the Defendant's assertion, there are a variety of means of transportation available to him in order to effect his self-surrender. He does not need to drive himself, and if he did, it is unclear what would happen to his vehicle after he reported to BOP custody.

Furthermore, because neither of Defendant's claimed reasons for needing his driver's license are valid, he also does not need his passport in order to renew his driver's license.

This is the second time in approximately one week that the Defendant has filed a motion for the return of his passport. As with the Defendant's last motion, the Defendant has again not asserted sufficient grounds for the motion to be granted. The government continues to believe that the Defendant is a flight risk, particularly given that he now faces a term of incarceration. Given these facts, the Court should deny the Defendant's motion for the temporary return of his passport.

                 Respectfully Submitted,

                 JOSHUA S. LEVY
                 Acting United States Attorney

            By: */s/ Timothy H. Kistner*
               Timothy H. Kistner
               Alathea E. Porter
               Assistant U.S. Attorneys

Dated: May 7, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants.

|  |  |
|---|---|
|  | */s/ Timothy H. Kistner* |
|  | Timothy H. Kistner |
| Dated: May 7, 2024 | Assistant U.S. Attorney |